# Exhibit A

DOCKET NO. CL-16-4620-B

THE STATE OF TEXAS
COUNTY OF HIDALGO

NOTICE TO DEFENDANT: "You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 A.M. on the Monday next following the expiration of twenty (20) days after you were served this Citation and Petition, a Default Judgment may be taken against you."

To: LIBERTY MUTUAL FIRE INSURANCE COMPANY
REGISTERED AGENT, CORPORATION SERVICE COMPANY
211 EAST 7TH STREET SUITE 620
AUSTIN TX 78701-3218

GREETING:

YOU ARE HEREBY COMMANDED TO APPEAR by filing a written answer to the Plaintiff's petition at or before 10 o'clock A.M. on or before the Monday next after the expiration of twenty (20) days after the date of service hereof, before the Honorable County Court At Law #2 of HIDALGO COUNTY, Texas, at the Courthouse, Hidalgo County Clerk's Office, 100 N. Closner, Edinburg, Texas.

Said Plaintiff's Petition was filed in said Court, on the 1st day of December, 2016 in this Cause Numbered CL-16-4620-B on the docket of said Court, and styled,

## JAVIER SALDANA
### vs.
## LIBERTY MUTUAL FIRE INSURANCE COMPANY

The nature of Plaintiff's demand is fully shown by a true and correct copy of Plaintiff's ORIGINAL PETITION, BINDING STIPULATION, DEMAND FOR JURY, AND WRITTEN DISCOVERY TO DEFENDANT petition accompanying this Citation and made a part hereof.

NAME & ADDRESS OF ATTORNEY FOR PLAINTIFF:
JORGE MUNOZ
210 W CANO ST STE A
EDINBURG TX 78539

The officer executing this Citation shall promptly serve the same according to requirements of law, and the mandates hereof, and make due return as the law directs.

ISSUED AND GIVEN UNDER MY HAND AND SEAL OF SAID COURT, at Edinburg, Texas this 2nd day of December, 2016.

ARTURO GUAJARDO, JR.
COUNTY CLERK, HIDALGO COUNTY, TEXAS
100 N. CLOSNER
EDINBURG, TEXAS 78539
County Court at Law #2

BY _____ DEPUTY
ALMA NAVARRO

SHERIFF'S/CONSTABLE'S/CIVIL PROCESS

SHERIFF'S RETURN

Came to hand on the _____ day of _____, 20 ____, at _____ o'clock _____ M., by Deputy (Sheriff/Constable)/Civil Process Server and to-wit the following:

DEFENDANT SERVED

Service was EXECUTED on the above referenced Defendant, in person, in Hidalgo County, Texas and served with a true copy of this Citation, with the date of delivery endorsed thereon, together with the accompanying copy of the Plaintiff's Petition, at the following
Date, time, and place, to-wit:

NAME _____ DATE _____ TIME _____ PLACE _____

By: _____      By: _____
    CIVIL PROCESS SERVER                      DEPUTY SHERIFF/CONSTABLE

**DEFENDANT NOT SERVED**
Service was ATTEMPTED at the above address on the above referenced Defendant on the following date(s) and time(s), but to no avail:

NAME _____ DATE _____ TIME _____ PLACE _____

NAME _____ DATE _____ TIME _____ PLACE _____

NAME _____ DATE _____ TIME _____ PLACE _____

By; _____      By: _____
    CIVIL PROCESS SERVER                      DEPUTY SHERIFF/CONSTABLE

## COMPLETE IF YOU ARE A PERSON OTHER THAN A SHERIFF, CONSTABLE OR CLERK OF THE COURT

In accordance to rule 107, the officer or authorized person who serves or attempts to serve a citation must sign the return. If the return is signed by a person other than a sheriff, constable or the clerk of the court, the return must either be verified or be signed under the penalty of perjury. A return signed under penalty of perjury must contain the statement below in substantially the following form:

"My name is _____, my date of birth is _____ and the address is

_____ and i declare under penalty of perjury that the foregoing is true and correct

EXECUTED in _____ County, state of Texas, on the ___ day of _____, 201____.


_____
DECLARANT


_____
If Certified by the Supreme Court of Texas
Date of Expiration /SCH Number

Electronically Submitted
12/1/2016 5:03:31 PM
Hidalgo County Clerks Office
Accepted by: Samantha Martinez

CAUSE NO. CL-16-4620-B

| | | |
|---|---|---|
| JAVIER SALDANA | § § § | IN THE COUNTY COURT |
| Plaintiff, | § § | |
| V. | § § | AT LAW NO. 2 |
| LIBERTY MUTUAL FIRE INSURANCE COMPANY | § § § § | |
| Defendant | § | HIDALGO COUNTY, TEXAS |

### PLAINTIFFS' ORIGINAL PETITION, BINDING STIPULATION, DEMAND FOR JURY, AND WRITTEN DISCOVERY TO DEFENDANT

**TO THE HONORABLE JUDGE OF SAID COURT:**

NOW COMES, JAVIER SALDANA, hereinafter called "Plaintiff", complaining of and about LIBERTY MUTUAL FIRE INSURANCE COMPANY, hereinafter called "Defendant", and for cause of action show unto the Court the following:

### I.

### DISCOVERY CONTROL PLAN LEVEL

Plaintiff intends that discovery be conducted under Discovery Level 3.

### II.

### TRCP 47 STATEMENT

Plaintiff seeks monetary relief of $100,000 or less, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees.

### III.

### BINDING STIPULATION AS TO DAMAGES

Electronically Submitted
12/1/2016 5:03:31 PM
Hidalgo County Clerks Office
Accepted by: Samantha Martinez

**CL-16-4620-B**

Plaintiff stipulates that he will not seek, plead or recover, by judgment or otherwise, damages, including attorney fees, against Defendant exceeding the sum $74,999.00, the amount in controversy, exclusive of interest and cost.

### IV.

### PARTIES AND SERVICE

Plaintiff, JAVIER SALDANA is an Individual who resides in Hidalgo County, Texas.

Defendant LIBERTY MUTUAL FIRE INSURANCE COMPANY, is a foreign corporation authorized to doing business in the State of Texas which may be served through its registered agent for service of process in the State of Texas, to-wit: **Corporation Service Company, 211 East 7th Street Suite 620, Austin, Texas 78701-3218. Service of Citation is requested by Certified Mail, Return Receipt Requested.**

### V.

### VENUE AND JURISDICTION

The subject matter in controversy is within the jurisdictional limits of this court.

Venue in HIDALGO County is proper in this case under Section 15.002(a)(1) of the Texas Civil Practice and Remedies Code because all or a substantial part of the events or omissions giving rise to this lawsuit occurred in this county and the Plaintiff/ policyholder resided in HIDALGO County, Texas at the time of the loss.

### VI.

### FACTUAL ALLEGATIONS

On or about May 31, 2016, Plaintiff's home located at 1500 Crisantema Ave., Mission, Texas, was badly damaged by a storm. At the time of loss, Plaintiff's dwelling was insured by a

2

Case 7:17-cv-00005 Document 1-1 Filed in TXSD on 01/05/17 Page 6 of 15

Electronically Submitted
12/1/2016 5:03:31 PM
Hidalgo County Clerks Office
Accepted by: Samantha Martinez

CL-16-4620-B

policy of insurance issued by LIBERTY MUTUAL FIRE INSURANCE COMPANY. The policy number is: H3229805059640.

Thereafter, Plaintiff reported the loss and filed a claim with Defendant.

Thereafter, an inspection was made on behalf of Defendant. Defendant improperly denied and/or underpaid the claim. Defendant, LIBERTY MUTUAL FIRE INSURANCE COMPANY and its adjusters' unreasonable investigation led to the underpayment and/or no payment of Plaintiff's claim.

Thereafter, Plaintiff sought a second opinion as to the damage to his home. An independent company inspected the premises and concluded there was, in fact, wind and storm damages to the exterior and interior of the residence in the amount of $29,167.51.

## VII.

### ACTION FOR BENEFITS UNDER THE POLICY

Plaintiff has complied with all conditions precedent to bringing an action for benefits under the policy issued by Defendant, yet Defendant has failed to make any reasonable effort to resolve their claim.

## VIII.

### CAUSES OF ACTION

**A. Breach of Contract**

LIBERTY MUTUAL FIRE INSURANCE COMPANY had a contract of insurance with Plaintiff. LIBERTY MUTUAL FIRE INSURANCE COMPANY breached the terms of that contract by wrongfully denying and/or underpaying the claim and Plaintiff is damaged there by.

**B. Prompt Payment of Claims Statute**

The failure of LIBERTY MUTUAL FIRE INSURANCE COMPANY to pay for the

Electronically Submitted
12/1/2016 5:03:31 PM
Hidalgo County Clerks Office
Accepted by: Samantha Martinez

**CL-16-4620-B**

losses and/or follow the statutory time guidelines for accepting of denying coverage constitutes a violation of Article 542.051 *et.seq.* of the Texas Insurance Code. Plaintiff, therefore, in addition to Plaintiff's claim for damages is entitled to 18% interest and attorneys' fees as set forth in Article 542.060 of the Texas Insurance Code.

### C. Bad Faith

Defendant is required to comply with Chapter 541 of the Texas Insurance Code. Defendant violated § 541.051 of the Texas Insurance Code by: making statements misrepresenting the terms and/or benefits of the policy.

Defendant violated § 541.060 of the Texas Insurance Code by: misrepresenting to Plaintiff a material fact or policy provision relating to coverage at issue; failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which the insurer's liability had become reasonably clear; failing to promptly provide to Plaintiff a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of a claim or offer of a compromise settlement of a claim; failing within a reasonable time to affirm or deny coverage of a claim to Plaintiff or submit reservation of rights to Plaintiff; and refusing to pay the claim without conducting a reasonable investigation with respect to the claim.

Defendant violated § 541.061 by: making an untrue statement of material fact; failing to state a material fact necessary to make other statements made not misleading considering the circumstances under which the statements were made; making a statement in a manner that would mislead a reasonably prudent person to a false conclusion of a material fact; making a material misstatement of law; and failing to disclose a matter required by law to be disclosed.

At all material times hereto, Plaintiff was a consumer who purchased insurance products

Electronically Submitted
12/1/2016 5:03:31 PM
Hidalgo County Clerks Office
Accepted by: Samantha Martinez

**CL-16-4620-B**

and services from Defendant.

Defendant has violated the Texas Deceptive Practices Act in the following respects: Defendant represented that the agreement confers or involves rights, remedies, or obligations which it does not have, or involve, or which are prohibited by law; Defendant failed to disclose information concerning goods or services which was known at the time of the transaction when such failure to disclose such information was intended to induce the consumer into a transaction that the consumer would not have entered into had the information been disclosed; Defendant, by accepting insurance premiums but refusing without a reasonable basis to pay benefits due and owning, engaged in an unconscionable action or course of action as prohibited by the DTPA § 17.50(a)(1)(3) in that this Defendant took advantage of Plaintiff's lack of knowledge, ability, experience, and capacity to a grossly unfair degree, that also resulted in a gross disparity between the consideration paid in the transaction and the value received, in violation of Chapter 541 of the Insurance Code.

Defendant knowingly committed the acts complained of. As such, Plaintiff is entitled to exemplary and/or treble damages pursuant to the DTPA and Texas Insurance Code § 541.152(a)-(b).

## IX.

## DAMAGES

Plaintiff claims damages to the exterior and interior of his home in the amount of $29,167.51 less any previous payment made by Defendant to Plaintiff.

**Attorney Fees.** Request is made for all costs and reasonable and necessary attorney's fees incurred by or on behalf of Plaintiff herein, including all fees necessary in the event of an appeal of this cause to the Court of Appeals and the Supreme Court of Texas, as the Court deems

Electronically Submitted
12/1/2016 5:03:31 PM
Hidalgo County Clerks Office
Accepted by: Samantha Martinez

CL-16-4620-B

equitable and just, as provided by Chapter 38 of the Texas Civil Practice and Remedies Code §§ 38.001-38.003 and Sections §§ 541.152 of the Texas Insurance Code.

## X.

## JURY DEMAND

Plaintiff demands a trial by jury in connection with his claims against defendant and has paid the jury fees at the time of filing Plaintiff's Original Petition.

## XI.

## REQUEST FOR DISCLOSURE

Under Texas Rule of Civil Procedure 194, Plaintiff requests that Defendant disclose, within fifty (50) days of the service of this request, the information or material described in Rule 194.2(a)-(k).

## XII.

## INTERROGATORIES TO DEFFENDANT

Plaintiff, pursuant to Tex. R. Civ. Procedure 196 and 197, propounds the following Interrogatories to Defendant. Defendant's responses are due within fifty (50) days from the date of service thereof. Plaintiff also requests that Defendant continue to supplement Defendant's responses to these Interrogatories as provided for by the Rules.

**Interrogatory 1:** Identify each person answering these interrogatories, supplying information, or assisting in any way with the preparation of the answers to these interrogatories and the responses to the requests for production.

**RESPONSE:**

**Interrogatory 2:** Describe each separate file containing records, documents, or information relating to Plaintiff's claims or Plaintiff. Include in your description for each file: name, number, descriptive title, custodian, contents and location.

**RESPONSE:**

6

Electronically Submitted
12/1/2016 5:03:31 PM
Hidalgo County Clerks Office
Accepted by: Samantha Martinez

CL-16-4620-B

**Interrogatory 3:** Identify by name, employer (if different from defendant), business address, job title and telephone number of the individual who will be Defendant's in-court representative and in what capacity he will testify.

**RESPONSE:**

**Interrogatory 4:** Identify by name, employer, business address, job title and telephone number and role of each of Defendant's employees, agents, representative, adjusters, independent adjusters, independent adjusting firms, consultants and any entity or individual acting under any oral or written agreement, who performed any claims work, participated in the evaluation of Plaintiff's claim, and/or claims services of any type or nature, with respect to the insurance claims involved in this litigation. Your answer should also include, but not be limited to, the identity of all of your employees who evaluated Plaintiff's claim, authorized settlement offers to be made to and/or made decisions regarding any adjuster's authority to settle Plaintiff's claim relating to insurance coverage provided to Plaintiff.

**RESPONSE:**

**Interrogatory 5:** In accordance with TRCP 194.2(d) And 192.3(a), if you contest any of the damages claimed by Plaintiff under TRCP 192.4(d), please state, FOR EACH CATEGORY OF DAMAGES, the category of damages being contested, the amount for each category being contested, what you contend the correct dollar amount of damages for each category should be, and the method of calculating what you contend to be the correct dollar amount of damages.

**RESPONSE:**

**Interrogatory 6:** State each and every factor which you now contend or will contend at trial caused or contributed to the Plaintiff's damages. If you contend that damages were caused by wear and tear, deterioration, improper installation and/or maintenance, please include in your answer how you reached this conclusion.

**RESPONSE:**

**Interrogatory 7:** State the procedures relied upon and the criteria utilized by Defendant in its investigation of Plaintiff's claim to evaluate and place a dollar value on

7

Electronically Submitted
12/1/2016 5:03:31 PM
Hidalgo County Clerks Office
Accepted by: Samantha Martinez

**CL-16-4620-B**

the claim.

**RESPONSE:**

**Interrogatory 8:** Please list, describe and identify all documents that support any and all:

(a) condition(s) precedent to bringing this lawsuit against you that you contend Plaintiff has not met;

(b) any terms and conditions of the insurance agreement with which you contend Plaintiff did not comply; and

(c) affirmative defense(s) that you contend Plaintiff's claim was not asserted in a timely manner.

**RESPONSE:**

**Interrogatory 9:** Identify any recorded statements and/ or examinations under oath that have been taken by Defendant or taken on defendant's behalf, relating to this litigation or the claim which forms the basis of this lawsuit, including statements from any party or witness, and do the following:

(a) Identify the person who gave or made the statement.

(b) Specify the date when the statement was taken.

(c) Identify the person who took the statement.

(d) State whether the statement was recorded, regardless of the medium (e.g., paper or electronic), and if so, identify the material.

(e) State whether defendant will, without a formal request to produce, attach a copy of all statements described in the answer to this interrogatory.

**RESPONSE:**

**Interrogatory 10:** If Defendant has asserted a defense of an intervening, superseding cause wholly unrelated to Defendant, please list each and every fact that supports such defense, including the date(s) and description of the intervening, superseding cause.

**RESPONSE:**

Case 7:17-cv-00005 Document 1-1 Filed in TXSD on 01/05/17 Page 12 of 15

Electronically Submitted
12/1/2016 5:03:31 PM
Hidalgo County Clerks Office
Accepted by: Samantha Martinez

CL-16-4620-B

**Interrogatory 11:** If you assert that Plaintiff(s) neglected to save and preserve the property after the loss, please state all facts that support such affirmative defense.

**RESPONSE:**

**Interrogatory 12:** If you assert that Plaintiff(s) failed to keep the property in a good state of repair, please state all facts that support such affirmative defense.

**RESPONSE:**

**Interrogatory 13:** If you assert that Plaintiff(s) failed to maintain the dwelling and/or property, please state all facts that support such affirmative defense.

**RESPONSE:**

**Interrogatory 14:** If you assert that Plaintiff(s) failed to protect the property from further damage following a loss, please state all facts that support such affirmative defense.

**RESPONSE:**

**Interrogatory 15:** If you assert that Plaintiff(s) failed to mitigate his/her/their damages, please state all the facts that support such affirmative defense.

**RESPONSE:**

## XIII.

## REQUEST FOR PRODUCTION TO DEFENDANT

Pursuant to Rule 196, Texas Rules of Civil Procedure, Plaintiff requests that within the time prescribed by law, Defendant produce and permit Plaintiff to inspect and copy the documents and things described in the requests below, and as instructed below. Plaintiff requests that Defendant produce the documents at THE LAW OFFICE OF JORGE MUÑOZ, P.L.L.C., 210 W. Cano St. Suite A, Edinburg, Texas 78539.

Electronically Submitted
12/1/2016 5:03:31 PM
Hidalgo County Clerks Office
Accepted by: Samantha Martinez

**CL-16-4620-B**

1. Any and all pictures, drawings, photographs, motion pictures, charts, diagrams, measurements, videotapes or other documents concerning the events and happening made the basis of this lawsuit that your adjustor, employee or anyone Defendant employed to evaluate Plaintiff's claim.

   **RESPONSE:**

2. A copy of the entire claims file and/or adjuster logs, including but not limited to, photographs, notes, memorandums, tables, computer generated information and other written documents contained therein, which were generated in connection with the damage to Plaintiff that forms the basis of the above-captioned lawsuit.

   **RESPONSE:**

3. Provide complete and unaltered copies of correspondence, memoranda, reports, e-mails, facsimile transmissions, and all other documents evidencing communications between Defendant and its: 1) adjusters; 2) employees; 3) officers; 4) agents; 5) representatives; 6) independent adjusters; and/or 7) independent adjusting firms, that relate or pertain to the insurance claim(s) involved in this litigation.

   **RESPONSE:**

4. Investigative reports relating to the claim in question, including documents, memoranda, photographs, videotapes, movies, statements, reports, drawings, communications, and tangible things attached to such reports, or referred to therein, which were generated or obtained by or on behalf of the Defendant before a reasonable person would have concluded from the circumstances that there was a substantial chance of litigation, or which were generated or obtained by or on behalf of the Defendant in the ordinary course of business.

   **RESPONSE:**

5. Please provide written or other documentation concerning factual observations, tests, supporting data, calculations, photographs and opinions of each consulting expert witness who will not be called to testify but whose opinions or impressions have been reviewed by an expert who may be called to testify, including but not limited to any reports prepared by or under the direction of such person, including any recording or transcripts thereof of any oral report.

   **RESPONSE:**

10

Electronically Submitted
12/1/2016 5:03:31 PM
Hidalgo County Clerks Office
Accepted by: Samantha Martinez

CL-16-4620-B

6. Please produce all documents that support your contentions, affirmative defenses, and responses to any of the interrogatories to Defendant, including but not limited to Interrogatories No. 6, 8, 10, 11, 12, 13, 14 and 15.

**RESPONSE:**

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff, JAVIER SALDANA respectfully prays that the Defendant be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendant for damages requested hereinabove in an amount in excess of the minimum jurisdictional limits of the Court, together with pre-judgment and post-judgment interest at the maximum rate allowed by law, attorney's fees, costs of court, and such other and further relief to which the Plaintiff may be entitled at law or in equity, whether pled or unpled.

Respectfully submitted,

**THE LAW OFFICE OF JORGE MUÑOZ, P.L.L.C.**
210 West Cano. Ste. A
Edinburg TX. 78539
Tel. (956) 287-2889
Fax (956) 287-2886

By: _____
Jorge Munoz
Texas Bar No. 24072249
Email: jorge0296@gmail.com
*Attorney for Plaintiff*

CERTIFIED MAIL

Presort
First Class Mail

U.S. POSTAGE >>> PITNEY BOWES

ZIP 78539 $ 010.81⁸
02 1W
0001402764 DEC. 06. 2016



